James Davis,Appellant.

vs                                    No.8941

N.O.Public Belt RRD. and Al.

Charles F.Claiborne,Judge.

April 2nd 1923

Judge Bell dissents

See Davis v N.O. Public Belt RRD.

25971
Sup. Ct.
June 30/23

Court of Appeal
PARISH OF ORLEANS
FILED 4/2/23

8941

James Davis,Appellant.

vs

No.8941

N.O.Public Belt RRD. and Al.

Charles F.Claiborne,Judge.

This is a damage suit for physical injury.

The plaintiff alleged that on June 23rd 1921 his son was run over and killed by a train of the defendant railroad for which he claims $25,000 damages from the City of New Orleans, alleging that the " Public Belt Railroad " is merely an administrative agent of the City of New Orleans.

The defendant" excepted to plaintiff's petition on the ground that same discloses no cause of action."

The trial Court"referred the exception to the merits because of the urgent contention of counsel for plaintiff that if the Public Belt Railroad was to be maintained and operated by the City of New Orleans that,by all custom,and by the ruling of the Interstate Commerce Commission,"operating expenses" necessarily include whatever expenses may be incurred by reason of damages flowing "ex delicto" from the " operation" of the road," and that it was authorized by the Constitution of 1913 to pay all" operating expenses".On the merits,on the authority of Jones vs City of New Orleans 143 La 1073 the Court dismissed plaintiff's suit.The plaintiff has appealed.

In the Jones case his widow sued the City for the negligent and careless killing of her husband on one of the docks of the City of New Orleans,by one Humphreys;at that time Humphreys was a City policeman assigned to duty under the Publi Belt Railroad,the defendant herein,and at the time of the shoot- ing was acting within the scope of his employment." The killing was investigated by the grand jury upon the charge of murder; the return was "not a true bill" .

The Supreme Court said that this return was presump tive evidence that the policeman did not commit a crime,but

371

that even if he had,the City of New Orleans could not"be held liable therefor in damages.The Court concludes with the language.
" We are therefore of the opinion,whether Humphreys be considered as an employee of the Belt Railroad Commission,a governmental function,or. whether he be considered as an ordinary policeman,that plaintiff cannot hold the City of New Orleans, liable in damages "ex delicto" for his negligence or carelessness".
See Lamport vs Board 137 La 784-146 La 641-143 La 1077-52 A 429 -434-51 A 880-19 R.C.L.698- 9 A 461-41 A 1031-50 A 417-51 A 683 14 A 120-13 A 275-12 A 858-3 A 566.

The error of plaintiff's argument based upon the theory that damages caused by the running of trains from a legitimate item of responsibility is in assuming that such damages are part of the"operating expenses."

Public owned railroads cannot pay damages for which the Courts decide they are not responsible and therefore such damages cannot form a component part of their " operating expenses."

Judgment affirmed.

April 2nd 1923 .

I respectfully dissent

Judge